1
2
3
4
5                          **UNITED STATES DISTRICT COURT**
6                               **DISTRICT OF NEVADA**
7
8   CHRISTIAN CAPLES,                      )
                                           )        2:06-cv-1094-RLH-LRL
9                  Petitioner,             )
                                           )        **ORDER**
10  vs.                                    )
                                           )
11  DWIGHT NEVIN, *et al.*,                )
                                           )
12                 Respondents.            )
    _____/
13
14          This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,
15  brought by Christian Caples, a Nevada prisoner,  The action was originally filed in this Court in 2006
16  and was stayed in 2008 to allow petitioner to return to state court to exhaust his various claims.  The
17  case was reopened on April 22, 2010, (ECF No. 23).  Respondents have moved to dismiss the
18  petition (ECF No. 28), with petitioner opposing the motion, respondents replying and petitioner then
19  filing a sur-reply.  Respondents move to strike the unauthorized sur-reply (ECF No. 37), which
20  motion has also been fully briefed.   Respondents' motions shall be granted and the motion to
21  dismiss shall be granted in part.
22  **I.       Procedural Background**
23          A.       <u>Initial State Court Proceedings</u>
24                   Petitioner was convicted after a guilty plea in 2004 on charges of murder and
25
26

1    aggravated stalking.  Exhibits 24, 28, and 29.[1]  He was sentenced to life with the possibility of parole

2    after twenty years on the murder conviction and to a consecutive term of fifteen years with the

3    possibility of parole after five.  Exhibit 32.  The Judgment of Conviction was entered on February

4    10, 2003.  *Id.*  Petitioner did not file a direct appeal.  Exhibit 69, p. 1.

5           Petitioner filed a state post-conviction petition on February 5, 2004, raising three

6    claims for relief.  Exhibits 35 and 38.  Thereafter, counsel was appointed and a supplemental petition

7    was filed raising additional claims.  Exhibits 42 and 44.  Petitioner thereafter filed a second

8    supplement in pro se, raising an additional ground of ineffective assistance of counsel.  Exhibit 48.

9           Following oral arguments, the court denied relief as to the claims raised in the

10   original and first supplemental petition.  Exhibit 50.  The court entered a separate order denying the

11   second, pro se, supplement.  Exhibit 52.  Being represented by counsel, petitioner appealed both

12   orders.  Exhibit 53 and 55.  His opening brief claimed ineffective assistance of counsel in failing to

13   investigate petitioner's mental status, psychological records, or the effects of the medication taken by

14   petitioner, interview witnesses and properly communicate, and arguing that petitioner's failure "to be

15   fully cognizant of the consequences of his plea of guilty" warranted withdrawal of the guilty plea and

16   trial on the charges.  Exhibit 64.  The brief argued petitioner was entitled to an evidentiary hearing to

17   develop the facts about what impact psychotropic medication and counsel's ineffective

18   representation had upon petitioner's ability to enter his plea knowingly and voluntarily.  *Id.*  The

19   denial of the post-conviction petition was affirmed by the Nevada Supreme Court in an order entered

20   June 29, 2006.  Exhibit 69.

21      B.    Original Federal Petition

22          Petitioner filed his initial federal petition for writ of habeas corpus pursuant to 29

23   U.S.C. § 2254 on September 11, 2006.  (ECF No. 1.)  The petition raises five grounds for relief

24   including:

25

26          [1]  The exhibits referenced in this Order were submitted by respondents and are found in the
     Court's docket at ECF Nos. 13-15 and 29.

1.  Ineffective Assistance of Counsel for failing to adequately investigate and/or advise petitioner of a viable defense for trial and failing to advise petitioner of the specific elements of First Degree Murder.

2.  Petitioner should be allowed to withdraw his guilty plea based upon the Ineffective Assistance of Counsel in failing to adequately investigate the case and defendant's failure to be fully cognizant of the consequences of his plea of guilty.

3.  Ineffective Assistance of Counsel in making an agreement with the State for petitioner's plea of guilty on First Degree Murder and Aggravated Stalking charges. Counsel failed to advise petitioner of his right to a direct appeal.

4.  Ineffective Assistance of Counsel in not fully advising petitioner of a possible self-defense defense or that the judge had discretion in sentencing despite any plea agreement, causing the guilty plea to be involuntary and unknowing and the sentence to be unfair.

5.  Denial of Due Process and Equal Protection as guaranteed by the Sixth, Eighth, and Fourteenth Amendments because of ineffective assistance of counsel in failing to investigate or prepare for trial applying the theory of self-defense.

ECF No. 1.

Respondents filed an Answer to the petition (ECF No. 12), arguing the petition should be dismissed for lack of exhaustion of state court remedies. In response to the Answer, petitioner sought a stay of the proceedings (ECF No. 17). which the Court granted, specifically advising the petitioner that it would be his one opportunity to return to state court for purposes of exhausting his claims, "absent extraordinary circumstances" (ECF No. 18).

C.   Return to State Court

Petitioner returned to State court in February of 2008 and filed his second state post-conviction petition March 24, 2008. Exhibit 72. He was not represented by counsel, signing all of the pleadings in his own name. *See* Exhibits 72-77.[2] The State moved to dismiss the petition as time barred under Nevada Revised Statutes (NRS) 34.726 and successive under NRS 34.810(2). The state district court dismissed the petition on August 18, 2008, finding it to be procedurally defective as argued by the State. The court further denied petitioner's request for an evidentiary hearing. Exhibit 80.

---

[2] The Court does note that the Notice of Entry of Decision and Order (Exhibit 82) was signed by a Cynthia Dustin, Esq., however no other documents bear her name of refer to counsel for petitioner.

1  Petitioner appealed.  Exhibit 82.  Apparently without additional briefing, the Nevada

2  Supreme Court affirmed the lower court's decision, finding petitioner failed to allege any grounds

3  for good cause to overcome the procedural bars imposed by the court under Nevada law.  *Id.* at 2.

4        D.    <u>Return to Federal Court</u>

5        Petitioner has now returned to this Court, relying on his original petition.

6  **II.**    **Discussion**

7        The respondents renew their motion to dismiss arguing all of grounds 1,2,3 and 5, as

8  well as part of ground 4 are unexhausted. (ECF No. 28.)  They further argue that the claims are all

9  procedurally barred and that ground 5 fails to state a federally cognizable claim for relief.  Petitioner

10  responds by admitting that his petition "still includes unexhausted claims," and proceeds to argue

11  cause and prejudice to overcome the procedural bar.  In their reply, respondents assert that

12  petitioner's admission that the petition contains unexhausted claims ends the chase pursuant to both

13  the Local Rules of Civil Practice (LR) 7-2 and under the AEDPA's statutory requirements.

14        A.    <u>Exhaustion</u>

15        A federal court will not grant a state prisoner's petition for habeas relief until the

16  prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S.

17  509 (1982); 28 U.S.C. § 2254(b).[3]  State remedies have not been exhausted unless the claim has been

18  fairly presented to the state courts.  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  To fairly

19  _____

20      [3] 28 U.S.C. § 2254(b) states, in pertinent part:

21        An application for a writ of habeas corpus on behalf of a person in
      custody pursuant to the judgment of a State court shall not be granted

22        unless it appears that: (A) the applicant has exhausted the remedies
      available in the courts of the State; or (B)(i) there is an absence of

23        available state corrective process; or (ii) circumstances exist that render
      such process ineffective to protect the rights of the applicant.

24                      * * *

25        (c) An applicant shall not be deemed to have exhausted the remedies

26        available in the courts of the State, within the meaning of this section, if
      he has the right under the law of the State to raise, by any available
      procedure, the question presented.

present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.

In this instance, considering the arguments of the parties, the Court has reviewed and compared the claims presented to the Nevada Supreme Court in both the initial appeal from post-conviction review and the second petition and finds as follows.

Ground 1

In the instant petition's first ground for relief, petitioner claims he was denied ineffective assistance of counsel where counsel failed to investigate prior to advising petitioner to plead guilty. The claim is very specific and identifies various witnesses or other individuals that counsel should have interviewed. These facts were not presented to the Nevada Supreme Court. Cf. Petitioner (ECF No. 1), p. 3-d with Exhibit 72, p.6.[4]

The exhaustion doctrine requires a state prisoner to "fairly present[ ]" his claims to the state courts before a federal court will examine them. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Fair presentation" of a claim means that the substance of the claim must be raised before the state court. The prisoner's allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."> *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. at 276-77). Thus, although a habeas petitioner will be allowed to present " 'bits of evidence' " to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts. *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir.1982) (quoting *Nelson v. Moore*, 470 F.2d 1192, 1197 (1st Cir.1972).

The Court finds that ground 1 of the federal petition presents numerous additional facts to those presented to the Nevada Supreme Court, which facts present the claim in a

---

[4] Because the second post-conviction appeal did not include any briefing, the original petition is the document which was presented to the Nevada Supreme Court on appeal.

5

1    significantly different light. Petitioner did not fairly present his claim to the State court.  Ground 1 is

2    unexhausted and must be dismissed.

3              Ground 2

4              Ground 2 of the federal petition claims ineffective assistance of counsel for his failure

5    to investigate the case and for failing to ensure petitioner was fully cognizant of the consequences of

6    his plea.  This claim is exhausted, as it presents an issue identical to that presented to the Nevada

7    Supreme Court in the original post-conviction appeal.  In fact, the federal petition uses a photocopy

8    of the appeal brief as the factual and legal support of ground 2.  Respondents' argument that it is

9    unexhausted because it reiterates ground one's failure to investigate claim, is unfounded and,

10   perhaps, disingenuous.  Ground 2 shall proceed on its merits.

11             Ground 3

12             Ground 3 raises a claim that counsel was ineffective for entering into an agreement

13   with the State as to petitioner's guilty plea and for failing to inform petitioner of his right to a direct

14   appeal and of the court's discretion to not follow the recommendations of the plea agreement as to

15   sentencing.  Respondents argue this ground is unexhausted because petitioner" did not raise either of

16   these claims in the Nevada Supreme Court on appeal from the denial of his <u>first</u> state habeas petition

17   (Post-conviction).  This argument is obviously disingenuous in that it ignores the fact that ground 3

18   was presented to the Nevada Supreme Court on appeal from the <u>second</u> post-conviction petition and

19   is, therefore, exhausted.[5]

20             Ground 4

21             Ground 4 claims ineffective assistance of counsel in failing to inform petitioner of a

22   possible self-defense defense.  It further claims his guilty plea was not knowing, intelligent and

23   voluntary because counsel advised him of what to say during the guilty plea canvass and that his

24   sentence was not fair.

25

26        [5] It appears to this Court that respondents' counsel has simply repeated *verbatim* the original
     argument of his predecessor without modification to account for subsequent events.  Such careless
     pleading does a disservice to the Court and to the parties.

1    Respondents argue the claim is unexhausted as to the allegation counsel did not

2    inform him about the self-defense option and the claim that his sentence was unfair.  The Court,

3    having reviewed the state petition's and appellate brief finds that petitioner did exhaust the allegation

4    that counsel did not inform him of a viable self-defense possibility.  This claim was raised in the

5    second post-conviction petition as part of ground 1 and carried forward on appeal.  The allegation

6    that petitioner received an unfair sentence is unexhausted.  Thus the Eighth Amendment allegations

7    contained in ground 4 shall be dismissed as unexhausted.

8         Ground 5

9         Ground 5 claims violations of due process and equal protection under the Sixth,

10   Eighth, and Fourteenth Amendments resulting from ineffective assistance of counsel who failed to

11   investigate and prepare for trial and improperly advised petitioner to enter a guilty plea.

12        Respondents argue this claim is unexhausted because the claim references the Nevada

13   Constitution and such claim was not presented to the Nevada Supreme Court.  Because it is not

14   within this Court's jurisdiction to address a claim of a violation of state law, the fact that petitioner

15   did not previously present his Nevada Constitutional violation claim to the state court is of "no

16   moment;" it is irrelevant.  Whether the state law claim is exhausted or not, this Court cannot offer

17   petitioner relief on that basis.  The claim is exhausted as to the federal claims.

18        B.    Procedural Default

19        Next, respondents argue that the court should find petitioner has procedurally

20   defaulted any grounds it finds to have been exhausted.  In fact the Court has found that grounds 3,

21   part of 4, and 5 are exhausted in the second state post-conviction proceedings.  Thus, a discussion as

22   to the procedural default of these claims is necessary.

23        The doctrine of procedural default generally prohibits a federal court from

24   considering a specific habeas ground where the state's highest court declined to reach the merits of

25   that claim on procedural grounds.  *See Murray v. Carrier*, 477 U.S. 478 (1986); *Engle v. Isaac*, 456

26   U.S. 107 (1982).  In all cases in which a state prisoner has defaulted his  federal claims in state court

7

1   pursuant to an independent and adequate state  procedural rule, federal habeas review is barred

2   unless he can demonstrate cause for the default, and actual prejudice, or demonstrate that the failure

3   to  consider the claim will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501

4   U.S. 722, 750 (1991).

5          Before a federal court finds procedural default, it must determine that the state court

6   explicitly invoked a state procedural bar as a separate  basis for its decision.  *Id.* at 729-30;

7   *McKenna v. McDaniel*, 65 F.3d  1483, 1488 (9th Cir.1995), *cert*. denied, 517 U.S. 1150 (1996).  The

8   state rule cited must be "clear, consistently applied, and well-established at the time of the

9   petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal*., 96 F.3d

10  1126, 1129 (9th Cir.1996).

11         In denying his second post conviction petition, the Nevada Supreme Court found the

12  petition to be untimely and successive, citing to NRS 34.726, 34.800 and 34.810.  The Ninth Circuit

13  Court of Appeals has found both 34.726 and 34.810 to be state laws that are well established and

14  consistently applied by Nevada courts making them independent and adequate bases for dismissal of

15  a petition.  *See Moran v. McDaniel*, 80 F.3d 1261, 1269-80 F.3d 1261, 1270 (9th Cir. 1996); *see also*

16  *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A

17  petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural

18  default."), *cert. denied*, 529 U.S. 1073 (2000); *Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir.

19  2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir.

20  2002) (same).

21         Petitioner offers an argument for cause and prejudice to overcome the procedural  bar.

22  To demonstrate cause for a procedural default, the petitioner must be able to "show that some

23  objective factor external to the defense impeded" his efforts to comply with the state procedural rule.

24  *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the

25  petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

26         Oddly, petitioner's claim for cause was that he believed his counsel would

8

supplement the second post-conviction petition with arguments for cause and prejudice to overcome the state bar. This argument is odd in that petitioner did not have counsel representing him in the matter, as previously noted. His reference to a Cynthia Dustin's correspondence of August 15, 2008, highlights the fallacy of this argument in that the petition was denied by the district court following a hearing on July 14, 2008. The letter from Dustin, found as an exhibit to petitioner's motion to reopen the case (ECF No. 20), indicates that counsel was "unable to supplement anything to [his] petition due to the posture of [his] case..." indicating her late arrival to the matter. Moreover, this counsel did not sign any pleadings or represent petitioner on appeal from denial of this second state petition.

While ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default, *Murray*, 477 U.S. at 488, in order to do so, an independent claim of ineffective assistance of counsel must first be exhausted in state court. *Id.* at 488-89.

The fact is that petitioner did not have counsel representing him in his second post-conviction proceeding. Thus, counsel could not be responsible for the default. More to the point, even if he did have counsel, there is no guarantee of the effective assistance of counsel on collateral proceedings which would support a necessary claim of ineffective assistance of counsel on post conviction. *Miranda v. Castro,* 292 F.3d 1063, 1068 (9th Cir.2002).

Thus, Petitioner has not shown good cause to overcome the procedural default of grounds 3, 4 or 5; and, if the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**III.    Conclusion**

Petitioner's federal petition presents a single claim upon which the matter may proceed. Respondents will be required to file their answer as to ground 2. The Court finds that ground 1 has not been exhausted in the Nevada courts, despite two attempts to do so. The Court also finds no extraordinary circumstances that would justify any further attempts to exhaust the claims in

1   state court.  Ground 1 will be dismissed with prejudice on that basis.  The Court further finds that

2   grounds 3, 4, and 5 have been procedurally defaulted in State court and that petitioner has failed to

3   meet his burden to show an impediment external to the defense which prevented him from bringing

4   his claims to the State courts in a proper procedural posture.  They were untimely and presented in a

5   successive petition, which the State courts rejected.  This Court is foreclosed from considering those

6   claims.  They shall be dismissed with prejudice on that basis.

7              **IT IS THEREFORE ORDERED** that the Motion to Strike (ECF No. 37) is

8   **GRANTED.**  The Clerk shall strike the Traverse to Reply (ECF No. 36) from the docket

9              **IT IS FURTHER ORDERED** that grounds 1, 3, 4, and 5 of the Petition (ECF No. 1)

10  are **DISMISSED WITH PREJUDICE** as discussed above.

11             **IT IS FURTHER ORDERED** that respondents shall have thirty days from entry of

12  this order to Answer ground 2 of the petition.  Petitioner shall have thirty days thereafter to file a

13  reply.

14             Dated this _____4th_____ day of March, 2011.

15

16

17  _____

18  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26