UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN CAPLES, | 2:06-cv-1094-RLH-LRL |
| Petitioner, | |
| vs. | **ORDER** |
| DWIGHT NEVIN, *et al.*, | |
| Respondents. | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Christian Caples, a Nevada prisoner, The action was originally filed in this Court in 2006 and was stayed in 2008 to allow petitioner to return to state court to exhaust his various claims. The case was reopened on April 22, 2010, (ECF No. 23). After the Court determined respondents' motion to dismiss on grounds of procedural default, an answer to ground two of the petition has been filed. Petitioner's reply is also before the Court.

**I.   Procedural Background**

   A.   Initial State Court Proceedings

Petitioner was convicted after a guilty plea in 2004 on charges of murder and aggravated stalking. Exhibits 24, 28, and 29.[1] He was sentenced to life with the possibility of parole after twenty years on the murder conviction and to a consecutive term of fifteen years with the

---

[1] The exhibits referenced in this Order were submitted by respondents and are found in the Court's docket at ECF Nos. 13-15 and 29.

possibility of parole after five. Exhibit 32. The Judgment of Conviction was entered on February 10, 2003. *Id.* Petitioner did not file a direct appeal. Exhibit 69, p. 1.

Petitioner filed a state post-conviction petition on February 5, 2004, raising three claims for relief. Exhibits 35 and 38. Thereafter, counsel was appointed and a supplemental petition was filed raising additional claims. Exhibits 42 and 44. Petitioner thereafter filed a second supplement in pro se, raising an additional ground of ineffective assistance of counsel. Exhibit 48.

Following oral arguments, the court denied relief as to the claims raised in the original and first supplemental petition. Exhibit 50. The court entered a separate order denying the second, pro se, supplement. Exhibit 52. Being represented by counsel, petitioner appealed both orders. Exhibit 53 and 55. His opening brief claimed ineffective assistance of counsel in failing to investigate petitioner's mental status, psychological records, or the effects of the medication taken by petitioner, interview witnesses and properly communicate, and arguing that petitioner's failure "to be fully cognizant of the consequences of his plea of guilty" warranted withdrawal of the guilty plea and trial on the charges. Exhibit 64. The brief argued petitioner was entitled to an evidentiary hearing to develop the facts about what impact psychotropic medication and counsel's ineffective representation had upon petitioner's ability to enter his plea knowingly and voluntarily. *Id.* The denial of the post-conviction petition was affirmed by the Nevada Supreme Court in an order entered June 29, 2006. Exhibit 69.

B. <u>Original Federal Petition</u>

Petitioner filed his initial federal petition for writ of habeas corpus pursuant to 29 U.S.C. § 2254 on September 11, 2006. (ECF No. 1.) The petition raises five grounds for relief including:

1. Ineffective Assistance of Counsel for failing to adequately investigate and/or advise petitioner of a viable defense for trial and failing to advise petitioner of the specific elements of First Degree Murder.

2. Petitioner should be allowed to withdraw his guilty plea based upon the Ineffective Assistance of Counsel in failing to adequately investigate the case and defendant's failure to be fully cognizant of the consequences of his plea of guilty.

3.     Ineffective Assistance of Counsel in making an agreement with the State for petitioner's plea of guilty on First Degree Murder and Aggravated Stalking charges. Counsel failed to advise petitioner of his right to a direct appeal.

4.     Ineffective Assistance of Counsel in not fully advising petitioner of a possible self-defense defense or that the judge had discretion in sentencing despite any plea agreement, causing the guilty plea to be involuntary and unknowing and the sentence to be unfair.

5.     Denial of Due Process and Equal Protection as guaranteed by the Sixth, Eighth, and Fourteenth Amendments because of ineffective assistance of counsel in failing to investigate or prepare for trial applying the theory of self-defense.

ECF No. 1.

Respondents filed an Answer to the petition (ECF No. 12), arguing the petition should be dismissed for lack of exhaustion of state court remedies. In response to the Answer, petitioner sought a stay of the proceedings (ECF No. 17). which the Court granted, specifically advising the petitioner that it would be his one opportunity to return to state court for purposes of exhausting his claims, "absent extraordinary circumstances" (ECF No. 18).

C.     <u>Return to State Court</u>

Petitioner returned to State court in February of 2008 and filed his second state post-conviction petition March 24, 2008. Exhibit 72. He was not represented by counsel, signing all of the pleadings in his own name. *See* Exhibits 72-77.[2] The State moved to dismiss the petition as time barred under Nevada Revised Statutes (NRS) 34.726 and successive under NRS 34.810(2). The state district court dismissed the petition on August 18, 2008, finding it to be procedurally defective as argued by the State. The court further denied petitioner's request for an evidentiary hearing. Exhibit 80.

Petitioner appealed. Exhibit 82. Apparently without additional briefing, the Nevada Supreme Court affirmed the lower court's decision, finding petitioner failed to allege any grounds for good cause to overcome the procedural bars imposed by the court under Nevada law. *Id.* at 2.

D.     <u>Return to Federal Court</u>

---

[2] The Court does note that the Notice of Entry of Decision and Order (Exhibit 82) was signed by a Cynthia Dustin, Esq., however no other documents bear her name of refer to counsel for petitioner.

3

Petitioner returned to this Court, relying on his original petition and the Court dismissed grounds one, three, four and five as procedurally barred. The merits of ground two are now before the Court.

**II.    Discussion**

    A.    <u>Federal Habeas Standard</u>

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thea AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell v. Cone*, 535 U.S. at 694.

Furthermore, a state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of

clearly established federal law must be objectively unreasonable. Id. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.     Ground Two

Ground two of this federal petition claims petitioner should be allowed to withdraw his guilty plea based on ineffective assistance of counsel for his failure to investigate the case and for failing to ensure petitioner was fully cognizant of the consequences of his plea. Petitioner further contends that counsel coerced petitioner into entering the guilty plea and then scripted petitioner's entry of plea to ensure the court found it acceptable.

A guilty plea, which includes the waiver of a number of significant rights by the accused, not only must be voluntary but must be a "knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469 (1970). A guilty plea is involuntary if it is the product of threats, improper promises, or other forms of wrongful coercion. *See id.,* 397 U.S. at 754-55, 90 S.Ct. 1463; *see also, Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513 (1972).

Petitioner's claims that his plea was involuntary due to counsel's failures require a showing that his counsel's advice and representation was constitutionally defective. Ineffective assistance of counsel claims require the petitioner to demonstrate (1) that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that counsel's actions prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In the context of a guilty plea, the prejudice prong of *Strickland* requires that petitioner show "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

(1)     *Counsel's duty to investigate*.

Petitioner argues that based upon his responses to the court's guilty plea canvass, counsel should have been on notice of the need to investigate the potential self-defense defense. He

5

further alleges that counsel did not discuss the possible self-defense theory with him despite the court's suggestion it would be appropriate and the fact that the entry of plea was delayed two days to permit such discussion.

Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More specifically, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* "This includes a duty to ... investigate and introduce into evidence [evidence or testimony] that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence in the verdict." *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir.2001) (citing *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir.1999)). A decision not to investigate must be examined by the Court in light of the strength of the prosecution's case. *Id.*, 242 F.3d at 1088.

The record indicates that during the hearing set for entry of the guilty plea, following petitioner's explanation of the events leading to the charges, the trial court declined to accept the guilty plea until petitioner had an opportunity to discuss a self-defense option with his counsel. *See* Exhibit 27, pp 11-15. The matter was set over for two days to allow for these discussions. *Id.,* p. 15. When court reconvened the hearing, the following exchange took place:

> THE COURT: The Court was a little concerned, Mr. Caples, with your recitation of facts. You made it sound like it was self-defense, and I can't take a guilty plea to a crime if, in fact, you're not guilty of it. The way you were talking, it made it sound like you have a viable self-defense argument which would preclude you from getting convicted of this crime if it had gone to trial, and I wanted you to discuss it with your lawyer to see whether or not you should proceed and whether or not you should maybe withdraw your plea and go to trial on this matter if you thought you had a viable self-defense strategy or self-defense defense.
> Did you have a chance to do that?
>
> THE DEFENDANT: Yes, I did.

Exhibit 29, pp. 1-2. Thereafter, the petitioner described the events in a manner which apparently

convinced the court that his plea was based upon facts indicating guilt, as the guilty plea was accepted. *Id.*, p. 10, lines 7-12.

Respondents note that petitioner has failed to identify either the names of the purported witnesses or the specifics of the exculpatory evidence that further investigation would have uncovered. They contend such deficiencies in pleading the claim require its denial.

A petitioner must demonstrate to a reviewing court the actual prejudice derived from the alleged lack of investigation by defense counsel by telling the court what evidence further investigation would have revealed. *See, Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) *cert denied* 517 U.S. 1143, 116 S.Ct. 1437 (1996) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief). Where a criminal defendant fails to identify potential evidence or witnesses for his counsel, he cannot later complain about counsel's failure to investigate the evidence or interview the witnesses, unless that information is made available from other sources. *Bryant v. Scott,* 28 F.3d 1411, 1415-16 (9th Cir. 1994).

Petitioner has not identified the witnesses or evidence further investigation would have uncovered. His contention that the trial court's concern about his factual recitation should have given counsel pause to consider a self-defense theory is not sufficient. If petitioner knew of witnesses which would testify that the crime was self-defense, it was in his best interest then, as it is now, to identify those witnesses. Mere speculation as to what additional investigation might have revealed is insufficient. Thus, petitioner has failed to show actual prejudice arising from counsel's performance in this regard - he has not shown that the outcome of the proceedings would have been different had counsel investigated further.

(2) *Counsel Failed to Advise of Consequences*

Petitioner next argues that his counsel failed to advise him of the consequences of his guilty plea.

Petitioner's claim is belied by the record of his entry of plea hearings. Specifically in the original hearing conducted on December 18, 2002, petitioner clearly and confidently informed

the court that he was fully aware that he would be sentenced to life in prison, that he would have to serve at least twenty-five years before he would be eligible for parole and that, if he was granted parole, he would likely then be supervised for the remainder of his life. *See* Exhibit 27, pp. 4, 7-8. This contention is without merit.

          (3)      *Counsel Failed to Discuss Self-Defense Possibilities*

Petitioner also alleges that counsel failed to discuss the possibility of raising a self-defense defense after the court continued the entry of plea to allow for that discussion. As noted by respondents, petitioner represented the opposite fact to the court at the December 20, 2002, hearing on the continued entry of plea. Exhibit 29, pp. 3-4. Petitioner specifically acknowledged that he had discussed a self-defense strategy or defense with counsel. *Id.*

This contention is also without merit.

          (4)      *Counsel Advised Petitioner to "Parrot" the Nevada Revised Statute During the Continued Entry of Plea.*

Petitioner claims that his statements to the court during the second entry of plea hearing was the result of coaching by counsel to ensure his statements gave the appearance that the plea was freely and voluntarily entered.

Petitioner's claim is without merit. The guilty plea agreement and his statements to the court include unwavering statements that he was not coerced or threatened or offered anything to induce him to enter the guilty plea. Exhibit 28. Additionally, that document, which petitioner acknowledging reading and signing, also thoroughly advised petitioner or the elements of the crime and the potential punishments he would face. *Id.* Finally, petitioner responded enthusiastically to the court's question as to whether or not he was satisfied with his attorney's representation. Exhibit 27, p. 10, lines 13-16.

The Nevada Supreme Court addressed the sum of this claim on appeal from denial of post-conviction relief. The court said:

> Additionally, Caples contends that the district court erred by denying his petition because defense counsel, Bill Terry, was ineffective. In

8

particular, Caples alleges that his defense counsel was ineffective for failing to investigate, interview witnesses, and properly communicate. We conclude that the district court did not err by rejecting Caples' claims of ineffective assistance of counsel [fn 5: *See Strickland v. Washington,* 466 U.S. 668 (1984).] Caples failed to identify the exculpatory evidence or witnesses that trial counsel would have uncovered with further investigation or communication. [Citation omitted.] Further, at the plea canvass and in the signed guilty plea agreement, Caples acknowledged that he had discussed all possible defenses with his attorney and that he was satisfied with his defense counsel's representation. Finally, we note that Caples received a substantial benefit under the plea agreement in that the State dismissed the deadly weapon and possession of a controlled substance counts and agreed to recommend a stipulated sentence, which was imposed by the district court. And, as noted by the district court at the post-conviction argument, the State's evidence against Caples was convincing.

\* \* \*

Caples failed to show that he would not have pleaded guilty but for defense counsel's deficient conduct.

Exhibit 69.

Because petitioner has failed to show that the Nevada Supreme Court's determination of the claim was objectively unreasonable in its application of clearly established federal law or in its factual determinations, this Court will not grant relief. The petition shall be denied.

### III.   Conclusion

Petitioner's federal petition must be denied as the single surviving claim lacks merit. Moreover, the Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard, because the issues raised and the Court's determination of them are not such as would be debatable among jurists of reason. Neither does it appear that another court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**IT IS THEREFORE ORDERED** that the petitioner is **DENIED WITH PREJUDICE**.

1 **IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

2 The Clerk shall enter judgment accordingly.

4 Dated this ___7th___ day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE